The majority in the present case erred in failing to find that the greater weight of the medical evidence causally related the decedent's development of aplastic anemia to his employment, and that the decedent was at an increased risk of contracting aplastic anemia because of his exposure to Varsol 18 during his employment with defendant-employer. The evidence of record clearly establishes that the decedent was exposed to Varsol 18, a benzene product, on almost a daily basis during the decedent's more than 20 years of employment with defendant-employer. Further, the medical testimony causally relates this exposure to the decedent's aplastic anemia.
Dr. James Perry, who is board certified in oncology and hematology, treated the decedent at Baptist Hospital and testified that the decedent's work-related exposure to benzene did increase his risk of developing aplastic anemia. Dr. Perry further testified that after treating the decedent for over two years, he was not aware of "any other medical conditions, drugs, that could have been a contributing factor to [his] aplastic anemia." Further, the record contains evidence from the Center for Disease Control that one of the known health hazards of long-term exposure to Benzene products is "harmful effects on the bone marrow . . . leading to anemia."
The medical testimony also establishes that the decedent's aplastic anemia, developed from his workplace exposure to benzene, was the cause of his death. Dr. Richard Orlowski, a board certified oncologist who treated the decedent at the time of his death testified that the decedent's death was "in essence directly [related] to aplastic anemia. If he did not have aplastic anemia, he would not have died from sepsis."
It is well settled that "the Workers' Compensation Act should be liberally construed so benefits are not denied to a claimant based on a narrow or strict interpretation of the statute's provisions." Grantham v.Cherry Hospital, 98 N.C. App. 34, 37, 389 S.E.2d 822, 823 (1990). In the present case, greater weight should have been given to the testimonies of Dr. Perry and Dr. Orlowski in finding that the decedent's development of aplastic anemia was causally related to his employment, and that the decedent was at an increased risk of contracting aplastic anemia, which ultimately caused his death. For these reasons, I respectfully dissent.
This 8th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER